IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 12, 2001

## MICHAEL M. TAYLOR v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 96-A-498      J. Randall Wyatt, Judge**

---

**No. M2000-03205-CCA-R3-PC - Filed January 31, 2002**

---

The petitioner, Michael M. Taylor, has filed a petition for post-conviction relief to challenge his 1997 second degree murder conviction imposed after a jury trial in the Davidson County Criminal Court. The petition alleges the ineffective assistance of trial counsel and two trial court errors. After the appointment of counsel and counsel's amendment of the post-conviction petition, the post-conviction court conducted an evidentiary hearing. Subsequently, the post-conviction court made findings of fact and on November 13, 2000 entered an order denying post-conviction relief. The petitioner filed a notice of appeal on February 23, 2001. Because the notice of the appeal was untimely and because the record contains no for basis for excusing the untimely filing of notice of appeal, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Michael A. Colavecchio, Nashville, Tennessee, for the Appellant, Michael M. Taylor.

Paul G. Summers, Attorney General & Reporter; Mark A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

In the petitioner's post-conviction petition, he asserts that his trial attorney ineffectively assisted him by failing to interview the various state witnesses, failing to discern their prior inconsistent statements, and failing to use prior inconsistent statements as bases for impeaching the witnesses. The petitioner also alleges that the trial court erred in instructing the jury as to lesser-included offenses of the charged offense of first degree murder and in disallowing evidence that the victim and one of the state's witnesses were involved in the illicit use of drugs. The only witness who testified at the evidentiary hearing, however, was the trial attorney who stated that he interviewed all of the state's witnesses, obtained copies of their pre-trial statements, reviewed the

preliminary hearing transcript, and obtained full discovery of evidence from the district attorney general's office. Counsel further opined that he thoroughly investigated the case and did all that he could to impeach the state witnesses and to otherwise effectively present the defendant's defense of alibi.

In its order denying post-conviction relief, the lower court accredited the testimony of trial counsel and found that counsel was a very competent, experienced criminal defense attorney who performed effectively as petitioner's counsel. The post-conviction court found no deficient performance. The court further concluded that the issues of trial court errors could have been raised in the petitioner's direct appeal and were either waived or previously determined.

The trial court entered its order denying post-conviction relief on November 13, 2000. The petitioner filed his notice of appeal on February 23, 2001.

Post-conviction relief having been denied by the lower court, the petitioner had a right to appeal to this court. Tenn. R. App. P. 3(b). In order to exercise this right of appeal, however, the petitioner must file a notice of appeal "within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). Notwithstanding the thirty-day requirement, "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *Id.* This court determines whether an untimely notice of appeal in a post-conviction proceeding should be excused "in the interest of justice." *Id.*

In the present case, the petitioner was several weeks late in filing his notice of appeal. He has filed no motion with this court seeking to be excused from the requirement of a timely notice of appeal, and accordingly, he has asserted no basis for this court to conclude that it should excuse the untimely filing in the interest of justice. Nevertheless, we have reviewed the record, including the transcript of the testimony at the evidentiary hearing, the briefs of the parties, and the applicable law in order to determine whether the interest of justice compels us to excuse the lack of a timely notice of appeal. We discern no basis for making such a determination. The petitioner plainly failed in attempting to carry his burden of proving his post-conviction claims by clear and convincing evidence. *See* Tenn. Code Ann. § 40-30-210(f). Furthermore, were we reviewing this case on appeal, we would be constrained to agree with the post-conviction court that the petitioner's claims of trial court error were waived due to the failure to raise them in the petitioner's direct appeal of his conviction.[1] *See* Tenn. Code Ann. § 40-30-206(g) (1997). In short, the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal. *Accord State v. Cleotha Nash*, No. 02C01-9701-CC-00026 (Tenn. Crim. App., Jackson, Feb. 18. 1998) (appellate court declined to waive requirement of timely filing of notice of appeal where record did not divulge any reason why justice required such and appellant offered no explanation for failure to make timely filing).

---

[1]On direct appeal, this court affirmed the petitioner's conviction and sentence. *State v. Michael M. Taylor*, No. 01C01-9708-CR-00367 (Tenn. Crim. App., Nashville, Sept. 29, 1998), *perm. app. denied* (Tenn. 1999).

In the absence of a timely filed of notice of appeal, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE